FILED

2026 Mar-26  AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| ISRAEL SANTIAGO-LUGO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01819-MHH-HNJ |
| | ) | |
| WARDEN R. CHILDRESS, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM OPINION</u>

On September 5, 2025, the Magistrate Judge entered a report in which he recommended that the Court dismiss Mr. Santiago-Lugo's *pro se* § 2241 petition for a writ of habeas corpus without prejudice for lack of subject matter jurisdiction. (Doc. 21). Mr. Santiago-Lugo has objected to the report. (Doc. 24).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed

findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

As the Magistrate Judge explained in his report and recommendation, a federal prisoner who wants to challenge "the legality of his conviction or sentence" in district court "must file a motion to vacate, set aside, or correct [the] sentence under 28 U.S. § 2255(a)."  (Doc. 21, p. 9).  Section 2255(e) serves as a "saving clause" --  an exception to this general rule -- and applies only when relief under § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention."  § 2255(e); *see also Jones v. Hendrix*, 599 U.S. 465, 471 (2023) (stating that § 2255(e)'s "savings clause" "provides that a federal prisoner may file a petition for a writ of habeas corpus under § 2241 if – and only if – § 2255's 'remedy by motion is inadequate or ineffective to test the legality of his detention'").  The Magistrate Judge analyzed whether Mr. Santiago-Lugo had a "meaningful opportunity" to the relief by way of a § 2255 motion to the district court in which he was sentenced. (Doc. 21, p. 11).  The Magistrate Judge explained:

> Santiago-Lugo argues the United States Supreme Court's decisions in *Montague v. United States*, 144 S. Ct. 2654 (2024), and *Richardson v. United States*, 526 U.S. 813 (1999), render § 2255 an inadequate or

ineffective remedy.  (Doc. 1 at 6-8).  In *McCarthan* [*v. v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017)], the Eleventh Circuit recognized two circumstances in which a motion to vacate stands "inadequate or ineffective to test" a prisoner's claim.  *See McCarthan*, 851 F.3d at 1092-93.  First, a prisoner may file a § 2241 petition for a writ of habeas corpus instead of a § 2255 motion "to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations."  *Id.* at 1092-93.  Second, a prisoner may file a § 2241 petition "when the sentencing court is unavailable," such as when the "sentencing court has been dissolved" or "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate."  *Id.* at 1093.  The record before the undersigned does not support a finding that either of these exceptions apply to Santiago-Lugo's claim.

Santiago-Lugo argues the United States Supreme Court's decisions in *Montague* and *Richardson* render him legally innocent of his CCE conviction, which affords relief to him pursuant to § 2255(e)'s saving clause.  (*See* Doc. 2 at 18-19 ("The Circuit Courts generally have recognized that innocence is important enough to render the savings clause available." (citing *Bryant v. Warden*, 738 F.3d 1253, 1281 (11th Cir. 2013) ("[W]e have never doubted that the savings clause, at the very least, applies to actual-innocence claims due to a conviction for a non-existent offense." (citations omitted))), *overruled by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc))).

However, the Eleventh Circuit subsequently overruled *Bryant* (and the cases it relied on), holding that a change in caselaw does not render the § 2255 remedy inadequate or ineffective.  *McCarthan*, 851 F.3d at 1080 (holding "that a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention'" (quoting 28 U.S.C. § 2255(e))); *see also Jones*, 599 U.S. at 471 (holding "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act of 1996's] restrictions on second or successive § 2255 motions by filing a § 2241 petition").  That a § 2255 motion stands procedurally barred does not render it inadequate or ineffective either.  *See McCarthan*, 851

3

F.3d at 1092 ("The saving clause does not allow access to section 2241 whenever a claim is untimely or procedurally defaulted otherwise the statute would render itself inadequate or ineffective. The same must be true for the bar on second or successive motions."); *Orr v. United States*, 800 F. App'x 705, 707 (11th Cir. 2020) (per curiam) ("If a prisoner can bring his claims in a § 2255 motion, the § 2255 remedy is adequate and effective -- even if the claims brought in that motion would have been dismissed due to a procedural bar, time limit, or circuit precedent." (citing *McCarthan*, 851 F.3d at 1087-88, 1091)).

Accordingly, because Santiago-Lugo attacks the legality of his CCE conviction, and he failed to demonstrate that a § 2255 motion would be inadequate or ineffective for that purpose, he must lodge his claim in a § 2255 motion, not a § 2241 habeas petition. *McCarthan*, 851 F.3d at 1099 ("A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim."). Therefore, Santiago-Lugo's petition for a writ of habeas corpus under § 2241 warrants dismissal.

(Doc. 21, pp. 11–14) (footnote omitted).

In his objections, Mr. Santiago-Lugo repeats the arguments the Magistrate Judge addressed in his report. Mr. Santiago-Lugo argues that under *Montague*, he is actually innocent. (Doc. 24, p. 4). The Magistrate Judge explained in his report why a change in the law does not open the door to the saving clause. (Doc. 21, p. 12). The other arguments that Mr. Santiago-Lugo makes – jurisdictional defects in his indictment, improper jury instructions, ineffective assistance of counsel – do not qualify as challenges to the execution of his sentence and do not suggest that the "sentencing court is unavailable" to Mr. Santiago-Lugo. *McCarthan*, 851 F.3d at 1093.

4

Mr. Santiago-Lugo argues that the sentencing court effectively is unavailable because the First Circuit Court of Appeals already has denied his request to file a second § 2255 motion.  (Doc. 24, p. 8).[1]  But a prisoner may not use § 2255(e) to make an end-run around a Court of Appeals' decision to deny a prisoner's request to file a second § 2255 motion.  Mr. Santiago-Lugo argues that his circumstances have changed because President Biden commuted his sentence, causing Mr. Santiago-Lugo's incarceration to terminate in July 2025, and the sentencing court "previously denied relief from forfeiture solely on the ground that" Mr. Santiago-Lugo's life sentence meant "that 'his livelihood will be provided for by the federal government for the rest of his natural life.'"  (Doc. 24, pp. 8–9) (quoting *Santiago-Lugo v. United States*, Civil No. 11-1363, 2011 U.S. Dist. LEXIS 56142, at *9 (D.P.R. May 20, 2011)).  Mr. Santiago-Lugo asserts that since his release from BOP custody, he is "homeless and destitute."  (Doc. 24, p. 9).  Mr. Santiago-Lugo has not explained why he cannot present his changed circumstances to the First Circuit Court of Appeals in a renewed request for permission to file a second § 2255 motion before the sentencing court.

---

[1] *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("The [AEDPA] requires that before a second or successive motion or petition is filed, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") (internal citations omitted); *see also Anderson v. Divris*, 138 F.4th 625, 630–37, 640–41 (1st Cir. 2025) (holding that a district court should have dismissed a habeas petition as "a second or successive habeas corpus application" as opposed to denying the petition pursuant to § 2244(b)(2)).

Therefore, on the record in this case, the Court overrules Mr. Santiago-Lugo's objections, adopts the Magistrate Judge's report, and accepts his recommendation. The Court denies Mr. Santiago-Lugo's motions to expedite, (Docs. 25, 27), as moot.[2]

The Clerk of Court shall please TERM Docs. 21, 25, and 27. By separate order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

**DONE** and **ORDERED** this March 26, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] On March 20, 2026, the Clerk docketed a motion from Mr. Santiago-Lugo to compel the government to respond to his argument as it relates to *Montague*. (Doc. 27). As noted, the Magistrate Judge addressed the *Montague* decision in his report and explained why a change in the law does not open the door to the saving clause. (Doc. 21, p. 12). The Court agrees with that analysis. Therefore, additional briefing from the government is not needed to resolve Mr. Santiago-Lugo's petition.